UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

MALIEK LUGG, et al.,

Defendants.

S1 25cr484-9 (DLC)
S1 25cr484-15(DLC)

ORDER

DENISE COTE, District Judge:

Defendants Henry Rodriguez and Felix Cuevas, two of nineteen defendants charged with conspiring in the illegal distribution of controlled substances in the Washington Square Park area, have moved for a bill of particulars and other discovery. Rodriguez has also moved to suppress certain evidence; that portion of his motion is addressed in a separate order.[1] For the following reasons the discovery motions brought by Rodriguez and Cuevas are denied.

Cuevas was arrested on October 30, 2025, on the charges contained in S1-25 Cr. 484, a speaking indictment. Rodriguez was a fugitive and not arrested until March 5, 2026. Both defendants were detained following their arrests. The Government's October 30, 2025 Detention Letter, submitted in support of its application for pretrial detention, describes

[1] Rodriquez's motion to preclude use of his nickname at trial may be made through a motion in limine before his trial and will not be addressed now.

some of the most significant evidence against each of them. All defendants have received a massive amount of discovery, which was organized for ready access. A Discovery Coordinator has been available to them to assist with their access to and review of that material. Those materials include search warrant affidavits, which provide additional descriptions of evidence on which the Government has relied in its charges against the two defendants. The Government has also made itself available to all defense counsel, including counsel for Cuevas and Rodriguez, to answer questions regarding the discovery and the Government's evidence and theories.

Pursuant to Rule 7(f), Fed. R. Crim. P., a defendant may "ask the court to 'direct the government to file a bill of particulars' to clarify the nature of the charges against him." United States v. Hwa, 161 F.4th 127, 140 (2d Cir. 2025) (quoting Fed. R. Crim. P. 7(f)). But a bill of particulars is required "only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (citation omitted). "[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means." Id.

(citation omitted). And, when the indictment contains a conspiracy charge, the Government need not "set out with precision each and every act committed by the conspirators." United States v. Cohen, 518 F.2d 727, 733 (2d Cir. 1975). Since the Government's evidence at trial may be limited by a bill of particulars, care must be taken to require it only when necessary. See United States v. Rosa, 507 F.3d 142, 154 (2d Cir. 2007).

In his motion, Cuevas acknowledges that the Government has responded to many of his inquiries, but also seeks "the dates of the specific acts" it alleges were committed by him, the specific transactions upon which it intends to rely, the factual basis for the allegation that he acted as a manager, and the "manner" in which it contends he is responsible for overdose deaths and serious bodily injury to the victims identified in the Indictment. Rodriguez requests a bill of particulars that identifies the date on which the Government contends he joined the conspiracy and the date on which his participation ended, his "specific role or capacity," the controlled substances and quantities attributable to him personally, the "specific acts" that connected him to the conspiracy, and whether he "personally" distributed drugs to the victims and the theory by

which he may be held liable for their injuries.

Neither defendant has shown that a bill of particulars is warranted, and their requests are denied. They have possession of much of the evidence on which the Government intends to rely at trial and will also receive § 3500 material in advance of trial. They also have notice of the legal theories that the Government will pursue at trial. Consequently, they have not shown that production of a bill of particulars is either necessary to identify the nature of the charges pending against them or to prevent surprise at trial.

As for the last request made by Rodriguez, the Government already informed him that it intended to prove that he conspired to distribute fentanyl and two related compounds, the use of which resulted in the deaths of and injuries to the victims "after other members of the conspiracy" distributed those drugs to the victims, and that that distribution was "reasonably foreseeable" to Rodriguez. Although Rodriguez contends in reply that he still lacks the basic facts necessary to understand the charges as applied to him, the Government's disclosures have

adequately apprised Rodriguez of his alleged role in the narcotics conspiracy.

Dated: New York, New York
July 10, 2026

DENISE COTE
United States District Judge